## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00078-CMA-SKC

A.C., *as parent of minor and next friend* and S.T.C.
     Plaintiffs,

v.

JEFFERSON COUNTY R1 SCHOOL DISTRICT, JEFF GOMEZ, and WILLIAM CARLIN.
     Defendants.

---

### SECOND AMENDED COMPLAINT AND JURY DEMAND ON BEHALF OF PLAINTIFFS
#### A.C. *as parent of minor and next friend* and S.T.C.

---

Plaintiffs A.C. and S.T.C, by their undersigned counsel, complain against Defendants Jefferson School District, Jeff Gomez and William Carlin as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 based on 20 U.S.C.  168, 42 U.S.C.  1983, and questions of federal constitutional law.

2. Venue is proper in this District because the events and conduct complained of herein all occurred within the District of Colorado.

## PARTIES

3. Plaintiff A.C., the parent, and natural guardian of Plaintiff S.T.C., a minor child, brings this action in her representative capacity as next friend on behalf of S.T.C. A.C. has at all relevant times resided in Jefferson County, Colorado.

4. Plaintiff S.T.C. is currently 16 years old and at all relevant times has resided with her parents in Jefferson County, Colorado. Plaintiffs are identified by their initials to protect S.T.C.'s privacy in light of the sensitive nature of the subject matter of this Complaint. Other minor students will be identified by aliases as well. The identities of A.C. and S.T.C. are well known to the Defendants.

5. Defendant Jefferson County R-1 School District is a provider of public education under Colorado law. The district is a resident of Jefferson County. Jefferson County R-1 School District receives federal funding.

6. The individual Defendants are residents of Colorado and all were District employees at all relevant times.

## FACTUAL ALLEGATIONS

7. During the 2016-2017 and 2017-2018 school years, S.T.C. was a student enrolled in Everitt Middle School ("Everitt"), a school in the Jefferson County R-1 School District.

8. S.T.C. has been diagnosed with P.T.S.D., severe anxiety, and panic attack syndrome. Through her time within the Jefferson school district, each school administration and school nurse were made aware of these conditions and plans were, to varying degrees, developed to address these conditions.

9. When S.T.C. first enrolled at Everitt in the fall of 2015 as a sixth-grader, she, along with the other students in her grade, was informed by older students, during something of an informal orientation, that on Tuesdays, boys would touch girls' breasts in the hallways, something that was widely known as "Titty Touch Tuesdays." These young students were also informed that on Fridays, boys would touch girls' buttocks in the hallways, something that was widely known as "Slap Ass Fridays."

10. This culture of sexual harassment and assault dates back at least to 2010.

11. Many former students dating back at least to 2010 have come forward in recent months to confirm that they were harassed and assaulted under this culture and that Titty Touch Tuesdays and Slap Ass Fridays were a defining feature of their experience at Everitt, and that they complained and reported such action to teachers, guidance counselors, Mr. Carlin, Mr. Gomez, and other school officials.

12. Teachers would also frequently witness such harassment and assaults without taking any action.

13. This conduct had also generated complaints to the school administration, the police, and the Jefferson County District Attorney's office, but the school, Mr. Gomez, and Mr. Carlin were, and continue to be, indifferent to this culture, the signals this gives the male students, and the effects it has on its female students.

14. Even though the administration, including Mr. Gomez and Mr. Carlin, were informed and aware of this culture of sexual assault and harassment, no training was provided to teachers, no policies aimed at halting such toxic culture were implemented, and indeed, the only response from Mr. Carlin, Mr. Gomez, and the school administration, was

though indifference to this culture of sexual harassment and in the process, the normalization of this conduct as acceptable behavior.

15. Throughout the 2015-2017 school years, S.T.C was sexually harassed and assaulted in the hallways and classrooms of Everitt Middle School by many boys arising out of this culture. Teachers often witnessed these assaults, but never intervened and if they reported such assaults and harassment, such reports were never acted on by Mr. Carlin or Mr. Gomez.

16. Beginning in the fall of 2016, two boys who had grown in this culture took their assaults and harassment to a predictable result. In over 60 incidents, many on school premises with some off-school as well, these boys sexually assaulted S.T.C.

17. Some assaults were limited to groping in the hallways, while other included actions such as holding her against the wall or locker, putting their hands up her shirt and inside her bra, putting their hands inside her pants, under her underwear, and touching her vagina, and inside the vaginal lips, laughing and continuing when she said no and cried.

18. Because of the culture the school administration had knowingly allowed to develop and persist, S.T.C. either believed that this was normal or that another complaint would do no more good than past complaints.

19. On May 15, 2017, A.C., mother to S.T.C., learned of the sexual assaults perpetrated on S.T.C.

20. A.C. immediately contacted the school and left a message for Mr. Gomez, the principal at Everitt Middle School, telling him that her daughter had been sexually harassed and assaulted many times on school grounds.

21. Later that evening, A.C. received a phone call from Mr. Carlin during which A.C. reported the sexual harassment and assault S.T.C. had endured. Mr. Carlin and A.C. agreed to meet the following morning.

22. Having heard that Jefferson County Schools do not treat these complaints seriously, often steering parents away from police involvement and brushing such complaints under the rug under a general "boys will be boys" dismissal, A.C. that evening decided to report these sexual assaults to the Wheat Ridge Police. A.C. feared that the school would not take action.

23. The next morning, A.C. accompanied S.T.C. to Everitt to speak with Mr. Gomez.

24. Being told that Mr. Gomez was not available, A.C. instead spoke with Mr. Carlin, the Vice Principal at Everitt Middle School.

25. A.C. and S.T.C. told Mr. Carlin about the series of sexual assaults that had occurred both on and off school grounds. Mr. Carlin told them that events off school grounds were not of concern to him.

26. More troubling, Mr. Carlin did not take this seriously. At one point, he turned to S.T.C. and said: "boys do that to show you that they like you."

27. Although Mr. Carlin had S.T.C. fill out an incident report, he did not express alarm or concern over the conduct occurring in the school and did not express much interest in investigating or pursuing this matter.

28. As the last day of school was only a week later, S.T.C. was expecting to take final exams. Up to this point, S.T.C. had been a straight-A student with several placements in honors courses.

29. Because S.T.C. was in many of the same classes as Student 1 and Student 2, the two boys that had sexually harassed and assaulted her all year, the school determined that S.T.C. should be held out of class for the final days of the year to avoid conflict.

30. Owing to this, S.T.C. was unable to take finals and was given incompletes grades for the year.

31. A.C. inquired as to why S.T.C. was being punished for coming forward. The administration responded that it was easier to disrupt and hold S.T.C. out of finals than to hold the two boys out of finals.

32. At this point, Mr. Carlin had already obtained confessions from the boys that they had sexually assaulted S.T.C. and knew that they had done so without her consent.

33. This action, of punishing S.T.C. for bringing forward complaints of sexual assault and harassment, was to become a pattern.

34. Over the summer, Student 1 and Student 2 began to relentlessly harass S.T.C. for having reported them to Mr. Carlin and the school administration.

35. This led S.T.C. to self-harm behaviors including cutting herself. She quickly became suicidal.

36. S.T.C.'s suicidal thoughts and depression were because the School, Mr. Carlin, and Mr. Gomez did not believe her or did not believe that the sexual harassment and assault against her were something worth reacting to.

37. A.C. and S.T.C. asked the police for a restraining order, but for reasons unknown to them at the time, the police were unable to provide one and were struggling with their investigation.

38. A.C. would later learn that the School and Mr. Carlin were refusing requests from the police for any evidence, reports, statements, and any other documents generated from his investigation.

39. Because Mr. Carlin and the school district were refusing to provide these documents, the Wheat Ridge Police could not institute a restraining order until the fall of 2017.

40. By October 27, 2017, the Wheat Ridge Police were so frustrated with the school's stonewalling that it drafted a citation against Everitt Middle School for Obstruction of a Police Officer.

41. When the school's investigation file was finally provided to the Wheat Ridge Police, they discovered that Mr. Carlin had statements from both Student 1 and Student 2 from May of 2017, with confessions by each, including one confession stating that their conduct was nonconsensual.

42. Nonetheless, Mr. Carlin, Mr. Gomez and the school district sat on this information, placing S.T.C. at risk of harm and preventing the police from further investigating the incident and conduct at the school.

43. According to the police and the Jefferson County District Attorney's office, this was not the first time the school had withheld information or otherwise made investigations into assaults, including sexual assaults, more difficult.

44. During this same time period, the police and district attorney's office initiated a discussion with the Jefferson County School District's Title IX investigator.

45. Shockingly, the Title IX investigator blew off this as an issue, telling Reyna Johnson of the Wheat Ridge Police Department: "what's the big deal, it's just a butt slap."

46. Apparently, the Title IX investigator simultaneously was not aware of the severity of the many assaults but also lacked awareness that a "butt slap" is also a sexual assault and a violation of a student's Title IX rights as well as other civil rights.

47. When an Assistant District Attorney heard about the "Titty Touch Tuesday" and "Slap Ass Friday," she said: "that's still happening? I told the school administration about this years ago and told them they needed to stop this sexual assault on their campus." Apparently, in previous years, it was called "Tittie Tug Tuesdays."

48. In July, prior to the commencement of the school year, S.T.C. received her schedule for the upcoming year.

49. She quickly realized that her entire schedule was with these two boys who had sexually harassed and assaulted her the entire previous year.

50. This led to a massive anxiety attack for S.T.C., which led to more cutting.

51. Apparently, the school had thought so little of these incidents that no effort was taken to ensure the safety of S.T.C.

52. When this scheduling issue was brought to the school's attention, the school responded by removing S.T.C. from honors classes, art classes, and other classes that she shared with Student 1 or Student 2.

53. In each instance, S.T.C. was deprived of educational opportunities and placed in lower performing classes.

54. The two males who had committed the sexual assaults that necessitated a change of schedule were permitted to stay in their classes to reduce disruption to their lives and schedules.

55. Again, A.C. protested and asked why S.T.C. was losing opportunities for coming forward. A.C. worked hard for a reasonable accommodation, but the school would only offer to pull S.T.C. from class while permitting the two boys to remain in their classes.

56. After several complaints from A.C. and the Wheat Ridge Police Department, Mr. Gomez sent to A.C. a Title IX pamphlet, informed A.C. that he was the Title IX investigator, and that his investigation had concluded that S.T.C.'s rights under Title IX had not been violated.

57. The school, the administration, and the leadership at Everitt stuck with depriving S.T.C. of educational benefits and opportunities, instead granting those opportunities to those that assaulted S.T.C.

58. Throughout the fall, Student 1, Student 2, and several of their friends began a physical and verbal harassment campaign against S.T.C.

59. S.T.C. was thrown into lockers between classes, called a slut, a whore, and accused of telling lies to accuse the two boys of rape.

60. A.C. and S.T.C. reported these assaults to the school administration, but these allegations were never investigated. Further, S.T.C. was not protected by the school against this continued sexual harassment.

61. At one point, S.T.C. decided to start telling other students about her assaults. The fall of 2017 was the beginning of the Me Too movement and S.T.C. was feeling more supported and wanted to tell her story.

62. Mr. Gomez told S.T.C. not to talk about her assaults on several occasions. On one such occasion, he said: "don't talk to anyone about this. No one needs to know anything." This

would become a pattern as well, with Mr. Gomez limiting S.T.C.'s speech in regards to her sexual assaults while taking no action to remedy the conduct of students who called her a whore or a slut.

63. In fact, A.C. wrote an email to Mr. Gomez asking why he told S.T.C. that she shouldn't talk about her assaults and expressing the emotional toll that his conduct along with the unremedied conduct of students who were calling her a slut and whore was taking on S.T.C. A.C. also informed Mr. Gomez that S.T.C. "believes that you and Mr. Carlin support the boys and think they should be allowed to say and do whatever they want but she has to 'keep her mouth shut'."

64. This indifference to her assaults, and harassment by other students as well, confirmed in S.T.C. that the school was indifferent to her assaults and harassment. Undoubtedly, other female students over the years have learned this same lesson and stopped reporting abuses after the school's, along with Mr. Carlin's and Mr. Gomez's complete indifference to sexual assault and harassment. Nonetheless, A.C. and S.T.C. continued to lodge complaints with the school, Mr. Gomez, and Mr. Carlin, often on a weekly basis.

65. As the year progressed, the boys were removed from the school owing to a restraining order and subsequently plead guilty to crimes for their sexual assaults of S.T.C.

66. Without any remedial action by Mr. Gomez, Mr. Carlin, or the school, friends of Student 1 and Student 2 continued their campaign of assault and harassment.

67. The school and its leadership remained indifferent and failed to take any remedial steps to protect S.T.C. from these assaults and sexual harassment. None of these students were punished in spite of weekly complaints from A.C. and S.T.C.

68. Eventually, even going to non-honors classes was too much for S.T.C. She would still encounter these students in the hallway where they would assault her with impunity based on Mr. Carlin and Mr. Gomez's indifference to their conduct.

69. S.T.C. first stopped going to first period, then second, and soon was doing all of her course work in an administrative office.

70.  The school apparently found it more convenient to hold S.T.C. out of class than to remedy the retaliation and sexual harassment of students for her bravery in confronting sexual harassment.

71. As a result of not being in class and being forced to take science classes online, S.T.C.'s grades slipped to the point that A.C. views the entire year as lost.

72. As a result of the school's lack of protection and indifference to S.T.C.'s basic needs, S.T.C. was eventually pulled out of the Jefferson County School district.

## CLAIM I

### TITLE IX, 20 U.S.C. 1681(A) *ET SEQ.* - DELIBERATE INDIFFERENCE TO STUDENT-ON-STUDENT ASSAULTS
### (JEFFERSON COUNTY R-1 SCHOOL DISTRICT)

73. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

74. The Jefferson County R-1 School District (the "School") was aware of a long standing culture of sexual harassment and assault, including a culture of "Tittie Touch Tuesdays" and "Slap Ass Fridays" for years.

75. Responsible persons within the Jefferson County R-1 School District had actual

knowledge of conduct by students that constituted sexual harassment and assault of S.T.C. and which amounted to a culture whereby female students were sexually harassed and sexually assaulted on school grounds which created a permissive culture that created the conditions for additional actions of sexual harassment and assault.

76. The School, although aware of this culture and its pervasiveness within the hallways of the school, was deliberately indifferent to the harassment that most if not all female students experienced on a weekly basis.

77. S.T.C. was subjected to weekly assaults, both by the Student 1 and Student 2, but also by other boys in the school under this culture to which the School and its leadership acquiesced.

78. As a direct result of this culture, S.T.C. was also sexually assaulted in a more severe manner by two boys within the school district.

79. The sexual harassment and abuse of S.T.C was so severe, pervasive, and objectively offensive that it deprived S.T.C. of access to the educational opportunities or benefits provided by Jefferson County R-1 School District.

80. As a direct and proximate result of Jefferson County R-1 School District's deliberate indifference, S.T.C. was subjected to repeated bullying, intimidation, and harassment at Everitt.

81. The intimidation, harassment, physical assault, and bullying resulted in S.T.C. suffering severe, significant, and ongoing emotional distress and anguish.

82. S.T.C. continues to suffer from depression, anxiety, and emotional distress regarding her treatment by classmates and the manner in which they were shielded by leaders in the

school.

## CLAIM II
### Title IX, 20 U.S.C. 1681(A) *ET SEQ.*- Discriminatory Response
### (Jefferson County R-1 School District)

83. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

84. S.T.C. and A.C. informed Mr. Gomez and Mr. Carlin of sexual assaults and harassment she had endured at the hands of two boys under the supervision and control of the School.

85. Mr. Carlin and Mr. Gomez were responsible persons for the school district under Title IX.

86. The Jefferson County R-1 School District intentionally chose to place the costs of S.T.C.'s coming forward on her. She was blamed as the victim and made to bear the costs of coming forward while the sexual aggressors were protected by the school and allowed to continue with their schedules.

87. Jefferson County R-1 School District subjected S.T.C. to gender-based discrimination which was so severe, pervasive, and objectively offensive that she was denied access to educational opportunities and denied benefits provided by the school.

88. Jefferson County R-1 School District decided to shelter and harbor the male students who sexually assaulted S.T.C and failed to take action despite having confirmed in its investigation that Student 1 and Student 2 had forced S.T.C. into non-consensual sexual acts and continued to harass S.T.C. after the incident became public.

89. The Jefferson County R-1 School District actively and intentionally worked to stymie criminal investigations, withholding important protections from S.T.C. including

protection and restraining orders.

90. As a direct and proximate result of Jefferson County R-1 School District's deliberate indifference, S.T.C. was subjected to repeated bullying, intimidation, and harassment at Everitt.

91. The intimidation, harassment, physical assault, and bullying resulted in S.T.C. suffering severe, significant, and ongoing emotional distress and anguish.

92. S.T.C. continues to suffer from depression, anxiety, and emotional distress regarding her treatment by classmates and the manner in which they were shielded by leaders in the school.

## CLAIM III
### TITLE IX, 20 U.S.C. 1681(A) *ET SEQ.*- Deliberate Indifference to Sexual Harassment
### (JEFFERSON COUNTY R-1 SCHOOL DISTRICT)

93. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

94. A.C. and S.T.C. informed Mr. Carlin and Mr. Gomez in the fall and winter of 2017-2018 of repeated sexual harassment by the friends of her agressors, specifically mentioning that the boys were assaulting her, calling her a whore, and calling her a slut, in addition to other harassing behavior.

95. This harassment was severe, pervasive, and objectively offensive.

96. Accusations that the victim of a sexual assault is a slut and a whore is severe and objectively offensive.

97. This harassing behavior occurred on a near daily basis, as informed by the fact that A.C. and S.T.C. made new complaints on a weekly basis.

98. Because of these students' actions, and the School, Mr. Carlin, and Mr. Gomez's failure to ever take a step to remedy this situation, S.T.C. was forced to withdraw from classes, to remove herself from music and other extracurriculars, and otherwise to be deprived of access to the educational benefits and opportunities provided by the school.

99. The School's, Mr. Carlin's, and Mr. Gomez's response to this harassment, in that there was none, was clearly unreasonable in light of the circumstances.

100. As a direct and proximate result of Jefferson County R-1 School District's deliberate indifference, S.T.C. was subjected to repeated bullying, intimidation, and harassment at Everitt.

101. The intimidation, harassment, physical assault, and bullying resulted in S.T.C. suffering severe, significant, and ongoing emotional distress and anguish.

102. S.T.C. continues to suffer from depression, anxiety, and emotional distress regarding her treatment by classmates and the manner in which they were shielded by leaders in the school.

## **CLAIM IV**

### **FOURTEENTH AMENDMENT, 42 U.S.C. §1983 - EQUAL PROTECTION - GENDER DISCRIMINATION (ALL DEFENDANTS)**

103. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

104. S.T.C. was a female student of Everitt Middle School.

105. S.T.C. and her mother, A.C., complained of sexual harassment and assault against two boys in the School to Mr. Gomez and Mr. Carlin.

106. Mr. Gomez and Mr. Carlin are final policy makers for Everitt Middle School.

107.    When the School, Mr. Gomez, and Mr. Carlin were faced with the decision of how to protect S.T.C. and separate the students, they treated S.T.C. differently on the basis of her gender and/or sex.

108.    S.T.C. was discriminated against and treated differently on the basis of her gender and/or sex.

109.    Defendants placed burdens on S.T.C. on the basis of her gender in spite of the fact that she was a victim of the boy's assaults, a fact which the Defendants were aware when they affirmatively chose to treat her differently.

110.    A.C. repeatedly inquired as to why S.T.C. was made to bear the burden of her complaints of sexual harassment, and in spite of these efforts, Mr. Carlin and Mr. Gomez failed to take any proper remedial steps to correct this violation of S.T.C.'s right to be free of gender discrimination.

111.    The foregoing violations of S.T.C.'s constitutional rights have caused substantial damages to S.T.C., including, without limitation, severe and significant psychological damage, physical harm, and emotional distress.

## CLAIM V

**FOURTEENTH AMENDMENT, 42 U.S.C. §1983 - EQUAL PROTECTION - DELIBERATE INDIFFERENCE TO KNOWN SEXUAL HARASSMENT**
**(ALL DEFENDANTS)**

112.    Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

113.    S.T.C. was subjected to discriminatory peer harassment through the culture of sexual harassment and assulted to which the School and Mr. Gomez and Mr. Carlin had

acquiesced.

114.   The culture of "Titty Touch Tuesdays" and "Slap Ass Fridays" was well known to the School and Mr. Gomez and Mr. Carlin.

115.   S.T.C.'s harassment at the hands of the friends of the aggressors throughout the 2017-2018 school year, including such conduct as calling her a whore and a slut, was well known to Mr. Carlin and Mr. Gomez through nearly weekly complaints by S.T.C. and A.C.

116.   The School, Mr. Carlin, and Mr. Gomez were deliberately indifferent to the harassment and assault encountered by girls in Everitt Middle School, including S.T.C., for many years.

117.   Mr. Carlin and Mr. Gomez were deliberately indifferent to the daily harassment directed at S.T.C. after she came forward with her complaints of sexual assault.

118.   In both instances, the School, as well as Mr. Carlin and Mr. Gomez, knew of such student-on-student sexual harassment, yet failed to take any action and instead acquiesed to such discrimination.

119.   The School and Mr. Carlin and Mr. Gomez adopted these stances in part based on a pervasive "boys will be boys" and "that's how boys show you they like you" attitude, which formed the basis for their discriminatory behavior and intent.

120.   S.T.C. has suffered and continues to suffer damages as a result of Defendants' failure to train and supervise its teachers and other staff.

## CLAIM VI
### FOURTEENTH AMENDMENT, 42 U.S.C. §1983 - SUBSTANTIVE DUE PROCESS
### (WILLIAM CARLIN & JEFFERSON COUNTY R-1 SCHOOL DISTRICT)

121.    Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

122.    Mr. Carlin informed Student 1 and Student 2 about the complaints of sexual harassment and assault brought forward by S.T.C.

123.    Mr. Carlin obtained confessions from the two boys prior to summer break that they had indeed engaged in non-consensual sexual assaults on S.T.C.

124.    When asked by the Wheat Ridge Police Department to produce such reports and confessions, Mr. Carlin refused to comply.

125.    Mr. Carlin was aware that without these documents, the police could not institute a restraining order against the two boys in favor of S.T.C.

126.    In doing so, Mr. Carlin created a foreseeable risk to S.T.C. that the boys would continue to harass S.T.C.

127.    The boys did in fact harass, stalk, and intimidate S.T.C. throughout the summer.

128.    S.T.C. was without recourse to a restraining order on the basis of Mr. Carlin's actions.

129.    S.T.C. was placed in danger as a result of this inability to obtain a restraining order.

130.    S.T.C. has suffered and continues to suffer damages as a result of Defendants' failure to train and supervise its teachers and other staff.

## CLAIM VII

### Fourteenth Amendment, 42 U.S.C. §1983 - Due Process - Failure to Train or Supervise (All Defendants)

131.    Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

132.    Mr. Gomez and Mr. Carlin, as Principal and Vice Principal, were final policy makers for the Everitt Middle School.

133.    Mr. Carlin and Mr. Gomez were aware for many years about rampent sexual harassment and sexual assaults in Everitt Middle School.

134.    Mr. Carlin and Mr. Gomez were aware for many years of the weekly practices of students under "Titty Touch Tuesday" and "Slap Ass Friday" within the hallways of Everitt Middle School.

135.    Mr. Carlin and Mr. Gomez were deliberately indifferent to the need to train and supervise teachers and other staff about their obligations to supervise students in the hallways and to protect students from such harassment and assault.

136.    The lack of this training and supervision was a direct and proximate cause of S.T.C.'s harassment and assaults within and without Everitt Middle School.

137.    S.T.C. has suffered and continues to suffer damages as a result of Defendants' failure to train and supervise its teachers and other staff.

## CLAIM VIII
### FIRST AND FOURTEENTH AMENDMENT, 42 U.S.C. §1983 - FREEDOM OF EXPRESSION
### (JEFF GOMEZ & JEFFERSON COUNTY R-1 SCHOOL DISTRICT)

138.    Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

139.    Mr. Gomez interfered with S.T.C.'s right to exercise her freedom of expression by instructing her on multiple occasions to not speak about her assaults and in informing her that no one needed to know about her experiences of assault and harassment.

140.    Mr. Gomez, as Principal, was a final policy maker for Everitt Middle School.

141.   S.T.C.'s efforts to explain and discuss her experiences of sexual harassment and assault did not materially or substantially interfere with requirements of appropriate discipline.

142.   Mr. Gomez did not similarly stop other students from speaking about S.T.C.'s sexual harassment, choosing instead to punish only S.T.C.'s viewpoint.

143.   As a direct and proximate result of Mr. Gomez's infringement on her freedom of expression, S.T.C. has suffered and continues to suffer, from depression and self-harm and other damages as a result of Mr. Gomez's conduct.

WHEREFORE, Plaintiffs A.C. and S.T.C. respectfully request that this Court enter judgment in its favor and against the Defendants as follows:

(i)        Compensatory damages;
(ii)       Exemplary damages;
(iii)      Punitive damages;
(iv)      Pre and Post-Judgment Interest;
(v)       Reasonable Attorney Fees and costs; and
(vi)      Any other relief the Court deems appropriate.

Respectfully submitted this 26th day of March 2020.

s/ Edward Milo Schwab
Edward Milo Schwab, #47897
Ascend Counsel, LLC
3000 Lawrence Street
Denver, CO 80205
(303) 888-4407
milo@ascendcounsel.co

ATTORNEY FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 26th day of March, 2020, I electronically filed the foregoing Second Amended Complaint with the Clerk of the Court using the Court's CM/ECF system, which will send notification of the filing to the following:

Mary Gwyneth Whalen
Caplan & Earnest LLC
3107 Iris Avenue, Suite 100
Boulder, CO 80301
303-443-8010
Fax: 303-440-3967
Email: gwhalen@celaw.com

/s/ E. Milo Schwab
_____