IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00078-CMA-SKC

A.C. as Parent and Next Friend of Minor S.T.C.,

    **Plaintiff,**

v.

JEFFERSON COUNTY R-1 SCHOOL DISTRICT; JEFF GOMEZ, individually; WILLIAM CARLIN, individually.

    **Defendants.**

### DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT AND JURY DEMAND

Defendants Jefferson County R-1 School District,[1] Jeff Gomez, and William Carlin (the "School District", unless specified otherwise), by undersigned counsel, file and serve this Answer to Third Amended Complaint and Jury Demand ("Complaint") (ECF No. 29):

### JURISDICTION AND VENUE

1. The School District does not contest jurisdiction and venue.

### PARTIES

2. Paragraph 2 is admitted.

3. Regarding Paragraph 4, the School District admits that STC is 16 years old and that Plaintiffs STC had resided in Jefferson County, Colorado during the

---

[1] The School District is incorrectly identified in the Complaint as Jefferson County R-1 School District. The proper name is Jefferson County School District R-1.

1

relevant time. The School District does not object to identifying Plaintiffs and minor students by initials to protect their privacy.

4. Regarding Paragraph 5, the School District admits it is a recipient of federal funding.

5. Paragraph 6 is admitted.

## FACTUAL ALLEGATIONS

6. Paragraph 7 is admitted.

7. Regarding Paragraph 8, the School District admits that STC was diagnosed by an outside provider with P.T.S.D. on or around July 10, 2017, with an estimated onset date of January 2, 2011. The School District lacks knowledge or information sufficient to state a belief as to the truth of the remaining allegations of the first sentence of Paragraph 8 and therefore denies them.  The School District affirmatively states that in August 2017, AC provided information to an employee that STC had been diagnosed with PTSD over the summer. The School District affirmatively states that in response, STC was put on a Student Support Plan, to which STC and AC agreed. The School District denies the remaining allegations of Paragraph 8.

8. Regarding Paragraph 9, the School District denies that STC first enrolled at Everitt Middle School in the fall of 2015 as a sixth grader.  The School District affirmatively states that STC attended Everitt Middle School for the 2016-17 and 2017-18 school years, as a seventh and eighth grader. STC did not attend Everitt Middle School in 2015.  As to

the remaining allegations, the School District lacks sufficient information or knowledge to form a belief as to the truth of what unnamed middle school students allegedly told STC on an unspecified date, and therefore denies these allegations. The School District affirmatively states that at no time did STC or AC ever report any concern about "Titty Touch Tuesdays" ("TTT") or "Slap Ass Fridays" ("SAF") to any school official, nor did AC ever report such a concern while her older son attended Everitt Middle School from 2010-2012.

9.  Paragraph 10 is denied.

10.  Paragraph 11 is denied.

11.  Paragraph 12 is denied

12.  Regarding Paragraph 13, the School District lacks knowledge or information sufficient to form a belief as to whether unknown persons made complaints to unidentified "police" and an unnamed person at the Jefferson County District Attorney's office about the culture at Everitt Middle School, and therefore denies these allegations. The School District denies receiving complaints about "TTT" or "SAF" and further denies all remaining allegations of Paragraph 13.

13.  Paragraph 14 is denied.

14.  Regarding Paragraph 15, the School District denies that STC attended Everitt Middle School at any time during the 2015-16 school year. The School District lacks knowledge or information sufficient to state a belief as to the truth of the remaining allegations and therefore denies them. The School District affirmatively states that STC

3

and AC never reported to District officials that she was sexually harassed and assaulted in the hallways and classrooms "by many boys" at Everitt Middle School. The School District affirmatively states that no teacher ever reported to any District official seeing STC assaulted or harassed in the hallways and classrooms at Everitt Middle School.

15.  Regarding Paragraph 16, the School District denies that a culture of sexual harassment and assault existed at Everitt Middle School. The School District lacks knowledge or information sufficient to state a belief as to remaining allegations and therefore denies them. The School District affirmatively states that STC and AC never reported to any District official that she was sexually harassed and assaulted in "over 60 incidents" by two boys.

16.  Regarding Paragraph 17, the School District lacks sufficient knowledge and information to form a belief as to the truth of the allegations and therefore denies them. The School District affirmatively states that STC and AC never reported to any District official that she was sexually assaulted until May 16, 2017.

17.  Regarding Paragraph 18, the School District denies that a culture of sexual harassment and assault existed at Everitt Middle School. Although the School District lacks knowledge as to STC's state of mind as to whether she believed this was "normal" or as to why she did not make a complaint, the School District admits that STC did not complain to a District official about any sexual harassment, including sexual assault, until May 15, 2017.

18.  Regarding Paragraph 19, the School District lacks knowledge or information

4

sufficient to state a belief as to when AC learned of alleged sexual assaults of her daughter by two boys, and therefore denies Paragraph 19.

19.  Paragraph 20 is denied.

20.  Paragraph 21 is denied. The School District affirmatively states that on May 15, 2017 at 3:09 pm, near the end of the school day, Mr. Carlin and AC had a phone call during which AC shared concerns that boys were sexually harassing STC. Mr. Carlin asked that STC to come to the office first thing the next day to report the details so he could investigate.

21.  Regarding Paragraph 22, the School District lacks sufficient information and knowledge to form a belief as to why AC decided to report the sexual assaults to Wheat Ridge Police Department ("WRPD"), and therefore denies these allegations.  The School District denies the remaining allegations of Paragraph 22.

22.  Paragraph 23 is denied. The School District affirmatively states that Mr. Carlin had asked AC to bring STC to the office first thing the next day to report the details so he could investigate; there was no scheduled meeting between AC and Mr. Gomez.

23.  Regarding Paragraph 24, the School District denies the first sentence. The School District admits that Mr. Carlin met with AC the morning of May 16, 2017 as agreed to during the phone call the afternoon of May 15th.

24.  Regarding Paragraph 25, the School District denies that AC and STC told Mr. Carlin about "the series of sexual assaults that had occurred both on and off school grounds."  The School District denies that Mr. Carlin ever said that events off school

5

grounds were not of concern to him.

25. Paragraph 26 is denied.

26. Paragraph 27 is denied. The School District affirmatively states that when STC submitted her complaint, she alleged that Student 1 and Student 2, who were her friends and with whom she'd had sleep-overs, touched her "ass," breasts, and put their hands down her pants. After promptly investigating the student discipline matter, Mr. Carlin suspended the two boys for the rest of the school year for sexual harassment. The School District denies that he "did not express much interest in investigating or pursuing this matter." He also confirmed with SRO Cuney that WRPD was aware of the allegations and would be conducting an investigation of potential criminal conduct

27. Regarding Paragraph 28, the School District denies that STC had been a straight-A student in several honors classes up until that point. The School District affirmatively states that May 25, 2017 was the last day of school for the 2016-17 school year, and STC attended and completed 7th grade.

28. Regarding Paragraph 29, the School District denies that STC had many of the same classes as Students 1 and 2, during the 2016-17 school year, and denies further that they had "sexually harassed and assaulted her all year." The School District affirmatively states that STC and one of the male students had one class together during the 2016-17 school year and at no time did STC or AC report ongoing sexual harassment by these two boys during STC's seventh grade year. The School District further denies determining that STC should be "held out of class" for the remaining week of school. The

6

School District affirmatively states that, contrary to the allegations, it removed Students 1 and 2 from school for the remainder of the 2016-17 school year and STC reported to WRPD that she felt safe going to school on May 15, 2017.

29. Paragraph 30 is denied. The School District affirmatively states that Students 1 and 2 were suspended for the last week of school.

30. The School District denies the allegations of Paragraph 31. The School District affirmatively states that at no time did AC or STC express any concern to District officials about STC's ability to take finals, Students 1 and 2 interfering with her ability to take finals, or STC being punished for coming forward on May 16, 2017 near the end of seventh grade. The School District affirmatively states further that there would have been no reason for AC or STC to express concerns about STC being punished for coming forward, because she was not. To the contrary, the School District suspended the two boys for sexual harassment. Because the District removed the two boys from school for the last week of seventh grade, STC could have attended school to complete her finals. Finally, if AC or STC had indicated STC was unable to take finals for other reasons, including emotional distress, the School District would have accommodated such a request. At no time did AC or STC so indicate, either at the end of the 2016-17 school year, or the start of the 2017-18 school year.

31. Paragraph 32 is denied. The School District affirmatively states that Students 1 and 2 admitted in their written statements that they had poked and touched STC in the breast, without permission and after being told to stop, and that it happened while the three of them were hanging out at one of the boys' grandmother's house.

7

32. Paragraph 33 is a statement of belief for which no response is required. To the extent a response is required, Paragraph 33 is denied. The School District affirmatively states that at no time was STC punished for reporting sexual harassment and that Everitt Middle School personnel, including her trusted guidance counselor, worked closely with AC and STC to provide ongoing support to STC to meet her needs during the 2017-18 school year.

33. Regarding Paragraph 34, the School District lacks knowledge or information sufficient to form a belief as to why Student 1 and Student 2 engaged in alleged harassment of STC over the summer and therefore it is denied.

34. Regarding Paragraph 35, the School District lacks knowledge or information sufficient to form a belief as to the truth of whether STC engaged in self-harm behaviors over the summer, and therefore denies this paragraph.

35. Regarding Paragraph 36, the School District lacks knowledge or information sufficient to form a belief as to STC's state of mind over the summer of 2017 and therefore denies this paragraph. Because the School District responded to STC's report of sexual harassment by promptly investigating the matter and suspending the two students, the School District denies the allegations that imply or suggest STC's state of mind during the summer months was in response to the School District not believing her when she first reported the sexual harassment on May 16, 2017. The School District affirmatively states further that on August 25, 2017, in response to learning that STC had participated in a suicide risk assessment with a private therapist over the summer, according to AC,

the School District placed STC on a Student Support Plan.  In the Student Support Plan, STC identified Mr. Gomez as a trusted adult.

36.  Regarding Paragraphs 37, the School District lacks information and knowledge sufficient to form a belief as to communications between AC, STC, and WRPD during the summer of 2017, and why AC and STC did not obtain a protection order against the two boys for their alleged additional misconduct over the summer when school was not in session. To the extent a response is required, Paragraph 37 is denied.

37.  Paragraph 38 is denied. The School District affirmatively states that Mr. Carlin did not refuse to provide information to WRPD when contacted more than four months after AC told him she had filed a report with WRPD.

38.  Paragraph 39 is denied. The School District affirmatively states WRPD decided to delay its investigation until after the 2017-18 school year began and waited six more weeks before contacting Mr. Carlin for his investigation documentation. The School District affirmatively states that the reasons for WRPD's delay are entirely unknown to it, even though in July 2017, WRPD conducted a welfare check on Student 1 or 2 at the request of AC, who had concerns about his statement that he wanted to harm himself during ongoing communications between him and STC.

39.  Paragraph 40 is denied.

40.  Regarding Paragraph 41, the School District denies that it "finally" provided Mr. Carlin's investigation to WRPD. The School District affirmatively states that it provided

9

WRPD with the information shortly after it was requested. The School District admits the investigation included written statements from Students 1 and 2, in which they admitted they had poked and touched STC in the breast and that it happened at one of the student's grandparent's house.

41. Paragraph 42 is denied. The School District affirmatively states it provided WRPD with Mr. Carlin's investigation shortly after it was requested. The School District affirmatively states it does not know why WRPD chose to delay its criminal investigation for three months or why law enforcement waited until October 2017 to question Students 1 and 2, despite contacting at least one of them over the summer for a welfare check at AC's request.

42. Regarding Paragraph 43, the School District lacks knowledge or information sufficient to state a belief as to the truth of what "the police" and "the Jefferson County District Attorney's Office" are purported to have stated, and therefore denies same. The School District affirmatively states that it cooperates with law enforcement investigations of alleged student misconduct to the fullest extent possible and as allowed by student privacy laws such as the Family Educational Rights and Privacy Act.

43. Paragraphs 44 and 45 are denied.

44. Regarding Paragraph 46, the School District admits that the Title IX investigator was not aware of the severity of the alleged sexual assaults. The School District affirmatively states that this is because AC, STC, WRPD and the Jefferson County District Attorney's Office never informed the School District about the severity of the

alleged assaults. The School District affirmatively states that it subsequently learned that the Jefferson County District Attorney's Office agreed to a deferred adjudication for one year for Student 1 and Student 2, involving guilty pleas to a class 1 misdemeanor, sexual contact, not sexual assault. Those case have since been dismissed after successful complete of the deferred adjudications. The School District denies the remaining allegations of Paragraph 46.

45. Regarding Paragraph 47, the School District lacks knowledge or information sufficient to state a belief as to the truth of the alleged statements attributed to an unidentified assistant district attorney. To the extent a response is required, Paragraph 47 is denied.

46. Paragraph 48 is admitted.

47. Paragraph 49 is denied.

48. The School District lacks knowledge or information sufficient to state a belief as to the truth of the allegations of Paragraph 50, which is denied.

49. Paragraphs 51 through 58 are denied.

50. Regarding Paragraph 59, the School District admits that on November 15, 2017, after Students 1 and 2 were removed from Everitt, STC reported that "a few boys" were harassing her, that started with "little stuff like rumors", including being "pushed into a locker a few times" and being called a whore, and slut. The School District denies the remaining allegations.

51. Regarding Paragraph 60, the School District admits that STC reported this

conduct to her guidance counselor. The School District affirmatively states that after STC reported that unknown students had pushed her into a locker, administrators reviewed hallway video footage to identify the students, but there was no video footage showing STC getting pushed into a locker. The remaining allegations are denied.

52. Regarding Paragraph 61, the School District admits STC told another student about Student 1 and 2's misconduct towards her. That student then accused a different male student of sexual misconduct towards STC, which created a disruption to the school environment. The School District lacks knowledge or information sufficient to state a believe as to why STC began discussing the incidents with other students at school, and therefore denies the remaining allegations.

53. Paragraph 62 is denied. The School District affirmatively states that Principal Gomez counseled STC to be careful in whom she confided because it could have unintended effects, as shown by her friend wrongly accusing a different male student of sexual misconduct.

54. Paragraph 63 refers to an email written by AC for which no response is required. To the extent a response is required, Paragraph 63 is denied.

55. Paragraph 64 is denied.

56. Regarding Paragraph 65, the School District admits that Students 1 and 2 were transferred from Everitt Middle School on or about November 1, 2017, when the Jefferson County District Attorney provided statutory notice to the School District that the two students had been charged criminally. The School District denies that the boys were

removed because of a restraining order. The School District denies the remaining allegations.

57. Paragraph 66 is denied. The School District affirmatively states that allegations of harassment of STC reported during the fall of 2017 were investigated, that STC could not identify students by name, that STC could not identify photographs of any students who allegedly engaged in harassment when school yearbooks were reviewed with her, and that the harassment allegations could not be substantiated, nor could the School District discipline alleged harassers because STC could not identify who was allegedly harassing her.

58. Paragraphs 67 through 70 are denied.

59. Paragraph 71 is denied. The School District affirmatively states that STC was not forced to take an online science course, and that STC's GPA for her seventh and eighth grade years at Everitt is nearly identical.

60. Regarding Paragraph 72, the School District admits that AC formally withdrew STC from the School District on August 30, 2019 after the start of 10th grade at Wheat Ridge High School, where she had attended since 9th grade. The School District denies that STC was withdrawn because she wasn't protected while she attended Everitt Middle School, during eighth grade. The School District affirmatively states upon information and belief that AC withdrew STC when AC moved to Trinidad, Colorado, and thus, for reasons wholly unrelated to the incidents with Students 1 and 2, nearly three years ago.

## CLAIM I
### Title IX, 20 U.S.C. 1681(A) *Et Seq.* – Deliberate Indifference to Student-On-Student Assaults
### (Jefferson County R-1 School District)

The School District has moved to dismiss this claim pursuant to Fed. R. Civ. P. 12(b)(6) and therefore no response is required.

## CLAIM II
### Title IX, 20 U.S.C. 1681(A) *Et Seq.* - Discriminatory Response
### (Jefferson County R-1 School District)

The School District has moved to dismiss this claim pursuant to Fed. R. Civ. P. 12(b)(6) and therefore no response is required.

## CLAIM III
### Title IX, 20 U.S.C. 1681(A)Et Seq.-Deliberate Indifference to Sexual Harassment
### (Jefferson County R-1 School District)

61. Regarding Paragraph 93, the School District incorporates its previous responses, denials, and admissions as if fully set forth here.

62. The School District denies Paragraphs 94 through 102.

## CLAIM IV
### Fourteenth Amendment 42 U.S.C. § 1983 – Equal Protection – Gender Discrimination
### (Jefferson County R-1 School District, Mr. Gomez, In His Individual Capacity, And Mr. Clarin (sic), In His Individual Capacity)

The School District has moved to dismiss this claim pursuant to Fed. R. Civ. P. 12(b)(6) and therefore no response is required.

## CLAIM V
### Fourteenth Amendment 42 U.S.C. § 1983 – Equal Protection-Deliberate Indifference to Known Sexual Harassment
### (Jefferson County R-1 School District, Mr. Gomez, In His Individual Capacity, And Mr. Clarin (sic), In His Individual Capacity)

The School District has moved to dismiss this claim pursuant to Fed. R. Civ. P. 12(b)(6) and therefore no response is required.

## CLAIM VI
### Fourteenth Amendment 42 U.S.C. § 1983 – Substantive Due Process
### (William Carlin, In His Individual Capacity & Jefferson County R-1 School District)

The School District has moved to dismiss this claim pursuant to Fed. R. Civ. P. 12(b)(6) and therefore no response is required.

## CLAIM VII
### Fourteenth Amendment, 42 U.S.C. §1983 - Due Process - Failure to Train or Supervise
### (Jefferson County R-1 School District, Mr. Gomez, In His Individual Capacity, And Mr. Clarin (sic), In His Individual Capacity)

The School District has moved to dismiss this claim pursuant to Fed. R. Civ. P. 12(b)(6) and therefore no response is required.

## CLAIM VIII
### First and Fourteenth Amendment, 42 U.S.C. §1983 - Freedom of Expression
### (Jeff Gomez, In His Individual Capacity & Jefferson County R-1 School District)

The School District has moved to dismiss this claim pursuant to Fed. R. Civ. P. 12(b)(6) and therefore no response is required.

## AFFIRMATIVE DEFENSES

1. Plaintiff cannot recover punitive damages against a public entity.
2. Plaintiff cannot recover punitive damages pursuant to her Title IX claims.

3. Claim III is barred in whole or in part because the implied private right of action under Title IX does not allow recovery in damages for violations of the administrative requirements of Title IX.

4. Plaintiff's claim against the School District are barred in whole or in part because the School District had policies designed to prevent and correct sexual harassment and, upon notice of the alleged sexual harassment, the School District took prompt and effective action to respond to Plaintiff's report.

5. Plaintiff's claim against the School District are barred in whole or in part to the extent Plaintiff seeks to impose liability for third-party conduct that occurred off campus and under circumstances over which the School District does not exercise substantial control.

6. If Plaintiff sustained injuries and incurred any expenses, as claimed, they were caused in whole or in party by the acts or omissions of others for whose intervening conduct or negligence the School District are not responsible.

7. Plaintiff's damages, if any, are barred or reduced in part by their failure to take reasonable steps under the circumstances to minimize or mitigate their alleged damages.

8. To the extent AC seeks damages for herself individually, such damages are barred unless derivative from STC's claims.

9. The School District's investigation into Plaintiff's claims is continuing and Defendants reserve the right to add such affirmative defenses as may be determined to be applicable through discovery.

## JURY DEMAND

Defendants demand a trial on all issues triable by jury pursuant to Fed. R. Civ.P. 38.

Respectfully submitted this 21st day of April, 2020.

<div style="margin-left: 50%;">

On behalf of the School District Defendants,

CAPLAN AND EARNEST LLC

*s/ M. Gwyneth Whalen*
M. Gwyneth Whalen
Elizabeth S. Francis
3107 Iris Avenue, #100
Boulder, CO 80301
Phone 303-443-8010
Fax 303- 440-3967
gwhalen@celaw.com
efrancis@celaw.com

</div>

## CERTIFICATE OF SERVICE

This is to certify that on the 21st of April 2020, a true and correct copy of the foregoing was filed with the US District Court of Colorado CM/ECF System which will notify the following:

Attorney for Plaintiff:
Edward Milo Schwab, Esq.
Ascend Counsel, LLC
3000 Lawrence St.
Denver, CO 80205
milo@ascendcounsel.com

<div style="margin-left: 50%;">

*s/Carol Corbridge*
Carol Corbridge, Paralegal

</div>