IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-00078-CMA-SKC

A.C. as parent of minor and next friend S.T.C.,

    Plaintiff,

v.

JEFFERSON COUNTY R-1 SCHOOL DISTRICT,
JEFF GOMEZ, and
WILLIAM CARLIN,

    Defendants.

---

**ORDER ADOPTING IN PART AND REJECTING IN PART FEBRUARY 22, 2021 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the February 22, 2021 Recommendation on Defendants' Partial Motion to Dismiss. (Doc. # 47.) Therein, Magistrate Judge S. Kato Crews recommends that this Court dismiss Plaintiffs' gender discrimination, due process, and freedom of expression claims and allow Plaintiffs' deliberate indifference and failure to train claims to proceed. (*Id.* at 23–24.) Plaintiffs timely objected to the Recommendation. (Doc. # 48.) For the following reasons, the Court accepts in part and rejects in part the Recommendation.

## I.    BACKGROUND

The factual and procedural background of this case is set out at length in the Magistrate Judge's Recommendation, which the Court incorporates herein by reference.

*See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, this Order will reiterate only the facts necessary to address Plaintiffs' Objection to the Recommendation.

This is a civil rights action against Jefferson County R-1 School District, former Everitt Middle School Principal Jeff Gomez, and former Everitt Middle School Vice Principal William Carlin. Plaintiff S.T.C. was a student at Everitt Middle School from 2016 to 2018. (Doc. # 47 at 1.) During her time at Everitt, S.T.C. faced pervasive sexual harassment, predominately by two unnamed male students, "Student 1" and "Student 2." *See* (*id.* at 2). Students 1 and 2 sexually harassed S.T.C. over 60 times, with incidents including groping her in the hallways, holding her against a locker, and putting their hands up her shirt and bra and down her pants and underwear. (*Id.*)

When S.T.C. and her mother, Plaintiff A.C., reported these incidents to Defendants Gomez and Carlin, Carlin told them, in part, "boys do that to show you that they like you." (*Id.*) S.T.C. was then pulled from the classes she shared with Students 1 and 2, resulting in her being unable to take her final exams and receiving incomplete grades for the semester. (*Id.*) Students 1 and 2 were able to remain in all their classes and took all their final exams. (*Id.*) When A.C. inquired as to why S.T.C. was being punished for coming forward, the administration responded that it was easier to hold S.T.C. out of finals than to hold Students 1 and 2 out of finals.

The harassment of S.T.C. by Students 1 and 2 continued over the summer. S.T.C. applied for a restraining order against them but was unable to receive one because Carlin refused multiple times to give the police his incident file, which included written confessions from Students 1 and 2. (*Id.* at 2–3.)

S.T.C. then learned that she was going to be in certain honors classes, art classes, and other classes with her attackers the next school year. (*Id.* at 3.) When the school realized this, its response was to remove S.T.C. from the classes she shared with Student 1 or Student 2. In each instance, S.T.C. was deprived of educational opportunities and placed in lower performing classes. (*Id.* at 9.) The school allowed Students 1 and 2 to remain in their classes as scheduled. (*Id.*)

Throughout the fall, Students 1 and 2 and their friends physically assaulted and verbally harassed S.T.C. (*Id.*) They threw her into lockers between classes, called her a slut and a whore, and accused her of lying. The school failed to act on continued reports of assault by S.T.C. and her mother, A.C. Ultimately, S.T.C. withdrew from Jefferson County School District. (*Id.* at 11.)

Plaintiffs' Third Amended Complaint ("TAC") became the operative pleading in this case on April 7, 2020. (Doc. # 29.) In the TAC, Plaintiffs assert eight claims for relief: (1) violations of Title IX, 20 U.S.C. § 1681(A), for Defendants' deliberate indifference towards student-on-student assaults ("Claim One"); (2) violations of Title IX, 20 U.S.C. § 1681(A), for Defendants' discriminatory response to Plaintiffs' reports of sexual assault and harassment ("Claim Two"); (3) violations of Title IX, 20 U.S.C. § 1681(A), for Defendants' deliberate indifference to sexual harassment ("Claim Three"); (4) violations of equal protection under the Fourteenth Amendment for gender discrimination ("Claim Four"); (5) violations of equal protection under the Fourteenth Amendment for deliberate indifference to known sexual harassment ("Claim Five"); (6) violations of substantive due process under the Fourteenth Amendment for failure to aid

a police investigation of S.T.C.'s harassment ("Claim Six"); (7) violations of due process under the Fourteenth Amendment for Defendants' failure to train ("Claim Seven"); and (8) violations of the First and Fourteenth Amendments for Defendants' infringement of S.T.C.'s freedom of expression ("Claim Eight"). *See generally* (*id.*).

Defendants moved to dismiss all of Plaintiffs' claims except Claims Two and Three. *See* (Doc. # 33); *see also* (Doc. # 46 at 4). The Court referred Defendants' Partial Motion to Dismiss to Judge Crews, who issued his Recommendation on February 22, 2021. (Doc. # 47.) Plaintiffs timely objected to part of the Recommendation (Doc. # 48), and Defendants filed a response (Doc. # 51).

## II.     STANDARD OF REVIEW

### A.    REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Prop. Known As 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In the absence of a timely objection, however, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)

4

(stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

**B.     FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of [a] plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1198. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is **plausible** on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely

5

conclusory. *Id*. at 679–81. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

However, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc. v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Nor does the complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

### III.  DISCUSSION

The Court's analysis will proceed in two steps. First, the Court will review the portions of the Recommendation to which no party objects in order to determine whether there are any clear errors in Judge Crews's findings and conclusions. Second, the Court will conduct a *de novo* review of the portion of the Recommendation to which Plaintiffs object.

**A.  CLEAR ERROR REVIEW**

No party objected to the following recommendations by Judge Crews:

1. that Claim Six be dismissed for failure to state a claim;
2. that Claim Eight be dismissed without prejudice for lack of jurisdiction;

3. that Defendants' Partial Motion to Dismiss be denied with respect to Claims One, Five, and Seven; and

4. that Defendants Carlin and Gomez are not entitled to qualified immunity on Claims Five and Seven.

The Court has reviewed the relevant pleadings concerning the above claims as well as the Recommendation. Based on this review, the Court concludes that Judge Crews's thorough and comprehensive analyses and recommendations are correct, and "there is no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's note. Therefore, the Court adopts the applicable portions of the Recommendation, grants in part Defendants' Partial Motion to Dismiss with respect to Claims Six and Eight, denies in part Defendants' Partial Motion to Dismiss with respect to Claims One, Five, and Seven, and denies the individual defendants' request for qualified immunity on Claims Five and Seven.

**B.    *DE NOVO* REVIEW**

Plaintiffs object to the Recommendation to the extent it concludes that Plaintiffs' gender-discrimination equal protection claim (Claim Four) should be dismissed for failure to state a claim upon which relief may be granted. Defendants Gomez and Carlin raised a qualified immunity defense to Claim Four in their Partial Motion to Dismiss, which the Recommendation did not fully address because it concluded that Claim Four should be dismissed on other grounds. For the reasons that follow, the Court sustains Plaintiffs' objection to the Recommendation and further finds that Defendants Gomez and Carlin are not entitled to qualified immunity on Claim Four.

7

    1.    <u>Claim Four – Gender Discrimination</u>

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). The Tenth Circuit maintains that "[i]ndividuals are similarly situated only if they are alike in all relevant respects." *Requena v. Roberts*, 893 F.3d 1195, 1210 (10th Cir. 2018).

Defendants argued in their Motion to Dismiss that Plaintiffs have failed to allege that S.T.C. was similarly situated to her attackers because, unlike S.T.C., the boys did not report sexual assault. (*Id.* at 13.) Judge Crews agreed, concluding in his Recommendation that a valid comparator to S.T.C. would be a boy who reported sexual assault to the school but was allowed to remain in his classes. (*Id.*) The Court respectfully disagrees and rejects this conclusion.

In this case, the school was presented with a group of three students, all of whom were involved in the same sexual assault incidents and all of whom were in and/or wanted to take the same classes. The only relevant difference between these students was that two were male and one was female. The school had two occasions to consider how best to separate S.T.C. from her attackers: first, when deciding how the students would finish the semester and take final exams, and second, when deciding how to prevent the students from taking the same classes the following semester. In both instances, as alleged by Plaintiffs, the school favored the male students over the

female student. In the first instance, the school pulled S.T.C. from her classes and prevented her from taking final exams, but allowed the boys to remain in those classes and take final exams. In the second instance, the school allowed the boys to take honors and art classes, but prevented S.T.C. from taking those classes, thereby depriving her of educational opportunities and placing her in lower performing classes. In light of these allegations, the Court finds that S.T.C. has sufficiently alleged that she and her attackers are similarly situated and that the school's decisions to disadvantage S.T.C. were based predominately on her gender.

Defendants argue that the Tenth Circuit narrowly applies the "similarly situated" standard and that, to state an equal protection claim under this standard, S.T.C. must have alleged that a male student reported sexual assault but was able to remain in his classes. (Doc. # 51 at 1–2.) The Court disagrees. As an initial matter, the cases Defendants rely on are readily distinguishable from the case at hand because none of them involve sexual harassment or assault allegations; sexual assault is, most often, a crime against women.[1] Furthermore, as alleged by Plaintiffs, the culture at Everitt Middle School centered around boys inappropriately touching girls. *See* (Doc. # 47 at 1) ("boys would touch girls' breasts. . . [and] boys [would touch] girls on their buttocks."). Consequently, requiring Plaintiffs to allege that the school treated male sexual assault

---

[1] *See* Smith, S.G., Zhang, X., Basile, K.C., Merrick, M.T., Wang, J., Kresnow, M., Chen, J. (2018); The National Intimate Partner and Sexual Violence Survey (NISVS): 2015 Data Brief – Updated Release. Atlanta, GA: National Center for Injury Prevention and Control, Centers for Disease Control and Prevention. ("Both women and men experience these forms of [sexual] violence, but a greater number of women experienced several types of violence examined.").

victims more favorably than female sexual assault victims would place a nearly impossible burden on Plaintiffs. The Court declines to do so at this stage and, therefore, denies Defendants' Motion to Dismiss with respect to Claim Four.

### 2. Qualified Immunity

Finally, Defendants Gomez and Carlin assert they are entitled to qualified immunity on Claim Four. In support thereof, Defendants argue only that Plaintiffs failed to satisfy the first prong of the qualified immunity analysis—i.e., that the defendant's actions violated the Plaintiffs' rights—by failing to demonstrate that Gomez or Carlin took any affirmative steps to violate S.T.C.'s equal protection rights. (Doc. # 33 at 20.) The Court disagrees.

Courts employ a two-pronged test to analyze a qualified immunity defense. The Court has the discretion to consider these prongs in any order. *Leverington v. City of Colorado Springs*, 643 F.3d 719, 732 (10th Cir. 2011). Under the first prong, the plaintiff must demonstrate that the defendant's own actions violated her constitutional or statutory rights. *Messeri v. Univ. of Colorado, Boulder*, No. 18-CV-2658-WJM-SKC, 2019 WL 4597875, at *16 (D. Colo. Sept. 23, 2019). To do so, a plaintiff must show the individual defendant was personally involved in the alleged constitutional deprivation. *Foote v. Spiegel*, 118 F.3d 1416 (10th Cir. 1997). This requires that the defendant had actual knowledge of and acquiesced to the challenged conduct. *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995). Under the second prong, the plaintiff must demonstrate that the right was clearly established at the time of the alleged misconduct. *Messeri*, 2019 WL 4597875, at *16.

In this case, Plaintiffs have satisfied the first prong of the qualified immunity analysis because they allege that Gomez and Carlin were involved in the alleged constitutional deprivation and had actual knowledge of, and acquiesced to, the challenged conduct. Plaintiffs allege in the TAC that Carlin and Gomez are "final policy makers for Everitt Middle School" and that "the school" pulled S.T.C. from some classes and prevented her from taking other classes. (Doc. # 29 at 16.) Plaintiffs further allege that "A.C. repeatedly inquired as to why S.T.C. was made to bear the burden of her complaints of sexual harassment, and in spite of these efforts, Mr. Carlin and Mr. Gomez failed to take any remedial steps." (Doc. # 29 at ¶ 110.) Therefore, the Court finds that Defendants Gomez and Carlin are not entitled to qualified immunity with respect to Claim Four.

## IV.    CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- the Court ADOPTS IN PART and REJECTS IN PART Judge Crews's Recommendation. (Doc. # 47.) It is ADOPTED as to its recommendations on Claims One, Five, Six, Seven, and Eight, as well as its recommendations regarding qualified immunity on Claims Five and Seven. It is REJECTED as to its recommendation on Claim Four; and

- Defendants' Partial Motion to Dismiss (Doc. # 33) is GRANTED IN PART and DENIED IN PART. The Motion is GRANTED with respect to Claims Six and Eight. Claim Eight is DISMISSED WITHOUT PREJUDICE for lack of standing. *See Brown v. Buhman*, 822 F.3d 1151, 1179 (10th Cir. 2016) ("a dismissal for

lack of jurisdiction is not an adjudication of the merits and therefore dismissal . . . must be without prejudice"). Claim Six is DISMISSED WITHOUT PREJUDICE for failure to state a claim.[2] The Motion is DENIED with respect to Claims One, Four, Five, and Seven, as well as Defendants' requests for qualified immunity on Claims Four, Five, and Seven.

DATED:  September 28, 2021

BY THE COURT:

_____
CHRISTINE M. ARGUELLO

---

[2] The Court will leave the door open to Plaintiffs to amend if they develop a good faith factual basis for such a claim through discovery or otherwise.