IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00078-CMA-SKC

**Plaintiff:**

A.C. as Parent and Next Friend of Minor S.T.C.,

v.

**Defendants:**

JEFFERSON COUNTY R1 SCHOOL DISTRICT, JEFF GOMEZ, individually, and WILLIAM CARLIN, individually.

## UNOPPOSED MOTION FOR ORDER ALLOWING DISCLSOURE OF EDUCATION RECORDS PROTECTED BY F.E.R.P.A.

Defendants Jefferson County School District R-1, Jeff Gomez, and William Carlin, by and through undersigned counsel, move for an order allowing Defendants to disclose certain educational records for two non-party students.

### CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1, counsel for Defendants conferred with counsel for Plaintiff regarding the relief requested in this Motion, and Plaintiffs do not oppose the relief requested.

### MOTION

Plaintiffs allege that Defendants were deliberately indifferent to reports of sexual harassment, including alleged sexual harassment perpetrated by two School District students, R.R and S.R. (3d Amend. Compl., ECF 29.)

1

Plaintiff has requested education records of S.R. and R.R., who have now reached the age of majority. (**Ex. A**, Defs.' Resps. to Pl's First Reqs. for Written Disc., RFP Nos. 2, 3.) These records are protected from disclosure by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g; 34 C.F.R. Part 99.

FERPA "does not provide a privilege preventing disclosure of student records." *Alig-Meilcarek v. Jackson*, 286 F.R.D. 521, 526 (N.D. Ga. 2012); *Roe v. Grossmont Union High Sch. Dist.*, Case No.: 19-cv-1966-CAB-BGS, 2020 WL 3268612, at *3 (S.D. Cal. June 16, 2020). Rather, it penalizes the inappropriate disclosure of such records. Educational institutions are explicitly permitted to release educational records to comply with a judicial order or lawfully issued subpoena. 34 CFR 99.31(a)(9)(i). An educational institution may disclose personally identifiable information from an education record of a student without parental consent with a court order and subject to a protective order that restricts disclosure for the purposes of the litigation. *C.T. v. Liberal School District*, No. 06-2093-JWL, Case No. 06-2360-JWL, Case No. 06-2359-JWL, at *9-10 (D. Kan. Feb. 11, 2008). "[C]ourts have ordered disclosure of educational records when the records are clearly relevant to the claims at issue." *Roe*, 2020 WL 3268612, at *3.

Undersigned counsel provided written notice to S.R., R.R., and their families as required by FERPA, and the students and their parents have objected to the disclosure of S.R. and R.R.'s education records. Given their objections to the release of these records, the District objected entirely to producing any such records absent

2

a court order. (Ex. A, Resps. to RFP 2, 3.) Plaintiff has not sought a court order requiring the District to release the records; however, Plaintiff does not object to this motion seeking an order allowing disclosure of those records.

Certain education records for S.R. and R.R. are responsive to Plaintiff's discovery requests and relevant to the claims and defenses in this case, including but not necessarily limited to discipline records for both students. And, given the relevance of certain education records for S.R. and R.R., Defendants have a duty to disclose such records under Federal Rule of Civil Procedure 26(a).

If released, S.R. and R.R.'s education records would be shielded from public disclosure under to the Amended Protective Order entered in this case (ECF No. 76). Defendants will also, consistent with their obligations under FERPA, notify students S.R. and R.R. of this requested relief and inform them that they may separately seek a protective action over the release of their records. 34 C.F.R. § 99.31(a)(9)(i),(ii).

WHEREFORE, Defendants request, pursuant to C.F.R. § 99.31(a)(9)(i),(ii), an order allowing the School District to release education records for students S.R. and R.R to Plaintiff as part of discovery in this case, subject to the Amended Protective Order entered (ECF No. 76).

Respectfully submitted this 19th day of April 2022.

3

                CAPLAN AND EARNEST LLC

                s/*Elliott V. Hood*
                M. Gwyneth Whalen
                Elliott V. Hood
                Anne L. Stuller
                3107 Iris Avenue, #100
                Boulder, CO 80302
                Phone 303-443-8010
                Fax 303- 440-3967
                gwhalen@celaw.com
                ehood@celaw.com
                astuller@celaw.com

                *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that on April 19, 2022, a true and correct copy of the foregoing was filed with the US District Court of Colorado CM/ECF System which will notify the following:

Edward Milo Schwab, Esq.
Ascend Counsel, LLC
2401 S. Downing Street
Denver, CO 80210
milo@ascendcounsel.co

*Attorneys for Plaintiffs*

                s/ *Shellie Satterfield*
                Shellie Satterfield, Paralegal

4887-0372-6107, v. 1