IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00078-CMA-SKC

A.C., as parent of minor and next friend and S.T.C.

    Plaintiffs,

v.

JEFFERSON COUNTY R1 SCHOOL DISTRICT,
JEFF GOMEZ, individually, and
WILLIAM CARLIN, individually,

    Defendants.

---

ORDER DENYING MOTION TO STRIKE [DKT. 98]

---

Before the Court on referral is Defendants' Motion to Strike Pursuant to F.R.C.P. 37(c) [Dkt. 98]. Plaintiff disclosed 50 witnesses around and on the eve of the discovery deadline. Defendants seek to strike these disclosures as untimely, and also seek sanctions. The Court has carefully considered the parties' briefing on the matter, relevant legal authorities, and the docket. No hearing is necessary. The Court DENIES the Motion for the reasons stated below.

The following dates are pertinent to the issue before the Court. This matter was removed to federal court on January 9, 2020. Plaintiff filed her first Amended Complaint on February 27, 2020, her Second Amended Complaint on March 27, 2020, and her Third Amended Complaint on April 7, 2020. This Court granted Defendants' Motion to Stay on April 24, 2020, and lifted the stay on September 29, 2021. The

1

Court then issued a Scheduling Order on November 9, 2021,[1] and subsequently extended the discovery deadline to July 1, 2022.

According to Defendants, by June 3, 2022 (the original discovery deadline), Plaintiff had not disclosed a single student witness who had information regarding TTT/SAF. But on June 9, 2022, she disclosed 13 former students of Everitt Middle School who allegedly have relevant information. She then disclosed another 30 former students on June 24, 2022, one week prior to the close of discovery. Finally, she disclosed another seven former students on June 30, 2022 (discovery-deadline eve), bringing the total number of former students disclosed in a flurry between June 9 and June 30, to 50 former students. These disclosures were variously incomplete, with partial contact information provided for some but not all witnesses, and broad and boilerplate descriptions of their respective personal knowledge.

Defendants seek to strike these disclosures as untimely. Although Plaintiff served these disclosures before the discovery deadline, Defendants argue they are untimely because the lateness deprived Defendants of an opportunity to conduct discovery related to these witnesses. They argue Plaintiff's late disclosure was neither harmless nor substantially justified; it has prejudiced Defendants; curing the prejudice is impractical; and Plaintiff's violation of discovery rules was willful if not in bad faith.

---

[1] Defendants indicate the parties held their Rule 26(f) conference on November 1, 2021, and correctly points out formal discovery technically could have commenced as of that date.

2

Plaintiff supported her Response with a sworn affidavit from her lawyer, Mr. Schwab, wherein Mr. Schwab explains the circumstances surrounding these disclosures. While discovery commenced in November 2021, Mr. Schwab (who appears to be a sole practitioner) was in New Jersey during the months of December 2021, and January and February 2022, caring for his mother who had terminal cancer.[2] He returned to Colorado in early March 2022 when he was able to resume his law practice full time. At this time, he "began to search for former students of Everitt who could speak to their experiences" with TTT/SAF. He "immediately hired two private investigators to seek out former students[,]" but "tracking down 18 to 28-year-olds with no information proved impossible." In late April 2022, Mr. Schwab discovered a comment section from a related January 2020 news article posted on Facebook. He began to contact these individuals through social media, but they were not responsive. Only one former student finally responded, and he was able to speak with her on June 5, 2022. That student offered to help by posting on Facebook and Instagram to find other former students. She made those posts on June 7, 2022, and over 60 people responded over the following weeks. According to Mr. Schwab, "[k]nowing that the discovery window was closing, I disclosed witnesses as quickly as I could, sometimes without having spoken with them, but always with the knowledge that they were former students at Everitt Middle School. [ ] For every individual for whom I knew a phone number or address, I disclosed such information. [ ] Even while

---

[2] The Court offers its condolences.

3

I was disclosing new witnesses. I was working to find addresses and phone numbers for each of the witnesses. [ ] I worked essentially full time for two weeks to ensure that I could disclose contact information for each witness - which I did."

Technically, Plaintiff's disclosure was timely because discovery had not yet closed. *See Ortega v. City & Cnty. of Denver*, Nos. 11-cv-02394-WJM-CBS, 2013 WL 1751944, at *2 (D. Colo. Apr. 23, 2013) (holding that a third supplemental disclosure was timely when made on the discovery deadline). But the timing of these disclosures on and near the eve of the discovery deadline may violate the spirit, if not the letter, of Fed. R. Civ. P. 26(e) because the timing deprived Defendants of the opportunity to conduct discovery on the disclosures. *See Chung v. El Paso Sch. Dist. #11*, No. 14-CV-01520-KLM, 2015 WL 1882939, at *1 (D. Colo. Apr. 22, 2015); *Johnson v. Sch. Dist. No. 1 in the Cnty. of Denver*, No. 12-cv-02950-MSK-MEH, 2014 WL 983521, at *3 (D. Colo. Mar. 13, 2014); *Ortega*, 2013 WL 1751944, at *2. "Under these circumstances, courts still examine whether the disclosing party appeared to time its disclosures in a manner calculated to hinder the discovery process." *Chung*, 2015 WL 1882939, at *1; *Cohen v. Pub. Serv. Co. of Colorado*, No. 13-cv-00578-WYD-NYW, 2015 WL 6446948, at *7 (D. Colo. Oct. 26, 2015) (same).

On this record, the Court finds no evidence Plaintiff made these disclosures in a manner calculated to hinder the discovery process or leverage an extension of the discovery deadline. By Mr. Schwab's telling (under oath), he himself did not obtain the identities of the material bulk of these witnesses until after the student's social

4

media post on June 7, 2022. And while the descriptions of their knowledge and their contact information was spotty or missing, and unhelpful, Mr. Schwab had not yet spoken to these witnesses, and therefore, was providing the best information he had available at the time to make these disclosures.

Defendants reasonably and justifiably question why, given the allegations in the original and subsequent amended complaints, Plaintiff waited until March 2022 to start looking for former students who experienced or reported TTT/SAF. But considering the stay imposed from April 24, 2020, through September 29, 2021, the commencement of discovery in November 2021, the important family circumstances Mr. Schwab took time to address from December 2021 through February 2022, the Court does not find Plaintiff's delay in commencing her search for students to be nonsensical under the circumstances. And for these reasons, the Court does not find Plaintiff's flurry of disclosures in June 2022 to be the result of shenanigans on her part. *See Cohen*, 2015 WL 6446948, at *7. ("[T]his court concludes there is no factual basis that supports a finding that Defendant unduly delayed to disclose these eight witnesses in an attempt to sandbag Plaintiff. And despite Plaintiff's innuendos of wrongdoing, the record before the court simply does not support finding that Defendant engaged in such game[s]manship.")

For these reasons, the Court finds no per se violation of Rule 26(e). To the extent, however, Plaintiff's disclosures violate the spirit of the Rule: (1) that violation prejudiced Defendants by depriving them the opportunity to conduct discovery; (2)

the prejudice can be cured by allowing Defendants to conduct that discovery;[3] (3) there is no trial date to disrupt; and, (4) Plaintiff's disclosures were not made in bad faith. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

The Motion is DENIED. IT IS ORDERED a telephonic Status Conference is set for February 6, 2023, at 11:30 AM to set the details and parameters on the additional limited discovery to be conducted on Plaintiff's June 2022 disclosures.

DATED: January 26, 2023

BY THE COURT:

S. Kato Crews
United States Magistrate Judge

---

[3] Plaintiff apparently offered to Defendants to extend the discovery period to allow them to depose these additional witnesses, but Defendants were not interested in so stipulating.