**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-00078-CMA-SKC

**Plaintiff:**

S.T.C.,

**v.**

**Defendants:**

JEFFERSON COUNTY R1 SCHOOL DISTRICT, JEFF GOMEZ, individually, and WILLIAM CARLIN, individually.

---

**MOTION FOR SANCTIONS PURSUANT TO F.R.C.P. 37(c)**

---

Plaintiff ambushed Defendants with the affidavit of former Everitt Middle School student Annie Maxwell to oppose Defendants' summary-judgment motion. Defendants moved to strike Ms. Maxwell's affidavit given Plaintiff's failure to properly disclose Ms. Maxwell under Rules 26(a) and (e). (ECF 154.) The Court did not consider Ms. Maxwell's affidavit in ruling on the summary-judgment motion and denied the motion to strike as moot. (ECF 171 at 1, 46.) But Plaintiffs have now listed Ms. Maxwell as a witness for trial, and without Court intervention, the jury may hear Ms. Maxwell's testimony, which would unfairly and irreparably harm Defendants in this case. The Court should preclude Ms. Maxwell from testifying at trial. Further, despite repeated requests, Plaintiff has failed to disclose a computation of economic damages aside from $1,700 in "school costs." Accordingly, Plaintiff's economic damages request should be limited to $1,700 in "school costs."

1

## CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1, undersigned counsel conferred with counsel for Plaintiff regarding the relief requested in this Motion on Thursday, May 23, 2024. Defendants also previously moved to strike Ms. Maxwell's proffered testimony (ECF 154) and informed Plaintiff's counsel in writing that Defendants would move for sanctions under Rule 37(c) if Plaintiff did not disclose a computation of damages after repeated requests to do so. Plaintiff opposes the relief requested.

## RELEVANT LEGAL STANDARDS

Under F.R.C.R. 26(a), a party must provide the other party with the name and, if known, the address and telephone number of each individual likely to have discoverable information, along with the subjects of that information, that the disclosing party may use to support its claims and defenses. (*Id.* (emphasis added).) Rule 26(a) also requires a party to provide "a computation of each category of damages claim by the disclosing party—who must also make available for inspection and copying . . . the documents or other evidentiary material, . . ., on which each computation is based, including materials bearing on the nature and extent of injuries suffered."

Rule 26(e) requires the party to supplement its disclosures in a timely manner if the party learns that in some material respect the disclosure is incomplete. Disclosing parties should use "common sense" when determining the content of disclosures and, accordingly, "disclosures must be sufficiently detailed" to allow a party to decide how it will conduct discovery or prepare for trial and settlement. *Sender v. Mann*, 225 F.R.D. 645, 650-51, 656-57 (D. Colo. 2004). Information is "incomplete or incorrect in some

2

material respect if there is an objectively reasonable likelihood that the additional or corrective information could substantially affect or alter the opposing party's discovery plan or trial preparation." *Sender*, 225 F.R.D. at 654.

Under Rule 37(c)(1), a party who fails to comply with its disclosure obligations cannot use the undisclosed material to supply evidence unless the failure was substantially justified or is harmless. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). Courts consider four factors to determine whether a failure to disclose is substantially justified or harmless, including (1) the prejudice or surprise, (2) the ability to cure the prejudice, (3) the potential for trial disruption, and (3) the erring party's bad faith or willfulness. *Id.*; *Sender*, 225 F.R.D. at 651-56. Courts have "broad discretion" to determine appropriate sanctions under Rule 37. *Woodworker's*, 170 F.3d at 993. Failing to make a disclosed witness available during Discovery, or a failure to disclose a computation of damages, can warrant sanctions under Rule 37(c). *See Sagdai v. Travelers Home Marin Ins. Co.*, No. C21-182-LK, 2022 WL 5064383, at *1 (W.D. Wa. Oct. 3, 2022) (striking witness testimony where plaintiff failed to make that witness available during discovery); *AVX Corp. v. Cabot Corp.*, 251 F.R.D. 70, 79-80 (D. Mass. 2008) (ordering sanctions for failure to disclose computation of damages).

**ARGUMENT**

I.   **The Court should preclude Annie Maxwell from testifying at trial.**

For efficiency, Defendants incorporate the relevant background described in their previously filed Motion to Strike Affidavit of Annie Maxwell (ECF 154 at 2-4), which the Court denied as moot without reaching the merits of that motion (ECF 171 at 1, 46.)

3

As noted in that motion, this Court ordered that Plaintiff provide sufficient information that Defendants could use to contact the 50 or so former students disclosed at the 11th hour and determine whom to depose. Defendants tried several times—using an investigator and a process server—to contact Ms. Maxwell, but she never responded or made herself available. Defense counsel notified Plaintiff's counsel in writing of Defendants' efforts to contact Ms. Maxwell and that they would move to strike her testimony if offered. Plaintiff sat on that notice for three months and waited until four days before the summary-judgment response deadline to contact Ms. Maxwell. Even then, according to Plaintiff's filing, her attorney did not even use Ms. Maxwell's disclosed telephone number or address—the only information that Defendants were provided—but instead contacted Ms. Maxwell through Facebook. (ECF 160-1, ¶¶ 4–5; ECF 160-2.) At that point, the limited additional discovery period had long passed, and Defendants had filed their summary-judgment motion. While the Court did not consider Ms. Maxwell's testimony in ruling on Defendants' summary-judgment motion (ECF 171 at 3 n. 6), Plaintiff has listed Ms. Maxwell as a witness for trial, so the jury may hear her testimony.

Defendants anticipate that Plaintiff will argue that Ms. Maxwell's affidavit should be considered because Plaintiff—despite her clear failure to even attempt to supplement her disclosures—did not engage in gamesmanship or act in bad faith. Defendants disagree.

This is now the second time that Plaintiff has ambushed Defendants with evidence that has unfairly prejudiced Defendants' case. The first time, to cure the prejudice, Judge Crews re-opened discovery. (ECF 113, 120) With trial now looming, that is not an option.

Plaintiff may argue, as she did in resisting Defendants' prior motion to strike Ms. Maxwell's affidavit, that she provided what she thought was accurate information about Annie Maxwell in the initial disclosures. (ECF 160.) Even if that is true, her counsel was admittedly able to contact Ms. Maxwell when it benefited Plaintiff through information that he had not disclosed (via Facebook), which unfairly prejudices defendants. (ECF 160 at 1-3.) Whether Plaintiff's omission was deliberate or due to a lack of diligence, Plaintiff has once again failed to follow the discovery rules in a manner that will, without this Court's intervention, incurably prejudice Defendants' case. *See Sender v. Mann*, 225 F.R.D. 645, 653 (D. Colo. 2004) ("[O]nce a mandatory disclosure is provided, it must be kept current.") (citing *Macaulay v. Anas*, 321 F.3d 45, 50 (1st Cir. 2003)); *Voyager Indem. Ins. Co. v. Miller*, 2023 WL 3696490, at *3 (N.D. Cal. May 26, 2023) (striking a witness's declaration because, although the disclosing party provided the correct phone number, the disclosing party failed to supplement the correct name for the witness).

In the interest of fundamental fairness, this Court should preclude Ms. Maxwell from testifying at trial. Indeed, courts have disallowed testimony for less. *See DCK TTEC, LLC v. Postel Indus., Inc.*, 602 F. App'x 895, 898 (3d Cir. 2015) (trial court properly disallowed testimony of witness where opposing party had requested witness' information and information was not provided until after trial had started); *Lewter v. United States*, 2012 WL 13175860, at *4 (S.D. Cal. Apr. 24, 2012), *report and recommendation adopted* 2012 WL 13034849 (S.D. Cal. Aug. 10, 2012) ("Despite the Rule 26 disclosure requirement, Defendants request for the contact information went unanswered until they received Mr. Millisor's declaration on the discovery cut-off date. Plaintiffs' explanations as

to why Defendants should have been able to locate Mr. Millisor themselves are nothing but excuses, and quite possibly an attempt to gain an advantage in the case with the Motion to Dismiss and Motion for Summary Judgment pending before the [judge].")

II. **The Court should preclude Plaintiff from requesting or introducing evidence of economic damages aside from the $1,700 she has disclosed.**

Plaintiff has also failed to disclose any computation of damages despite repeated requests from undersigned counsel for such information and notice that Defendants would seek sanctions under Rule 37(c) for that failure.

Plaintiff failed to disclose a computation of damages as required under Rule 26(a)(iii). Starting in August 2022, a year-and-a-half ago, undersigned counsel wrote numerous letters to Plaintiff's counsel requesting a computation of damages and evidence to support those damages. Plaintiff's counsel finally responded by email on March 10, 2023, stating that the only computation of damages he could approximate was $1,700 in "school costs" related to Plaintiff's online education. (Schwab Email, Ex. A.) Plaintiff's counsel also confirmed in this email that the family was not seeking economic damages to cover the cost of medical or treatment bills. (*Id.*)

To date, Plaintiff has not provided Defendants with any documents or other materials substantiating the $1,700 figure or documents reflecting other forms of alleged economic damages.[1] While this email does not meet the disclosure standard under Rule 26(a), Defendants have accepted this email as a statement of what Plaintiff intends to recover in economic damages at trial.

---

[1] While Plaintiff also has not provided a computation of non-economic or punitive damages, Defendants do not seek sanctions related to this failure.

At this point, Plaintiff has had ample time to provide a calculation of damages, and given the looming trial, allowing Plaintiff to request any economic damages other than the $1,700 in "school costs" would unfairly prejudice the Defendants.

Because the $1,700 figure is the only disclosure of a damage computation that Plaintiff has provided Defendants, Plaintiff's economic damages request at trial should be limited to $1,700 in "school costs," and the Court should preclude Plaintiff from requesting any other forms of economic damages or introducing evidence of same.

## CONCLUSION

For the reasons described in this motion, the Court should (1) preclude Annie Maxwell from testifying at trial and (2) limit Plaintiff's request or evidence for economic damages to $1,700 in "school costs" that she has disclosed.

Respectfully submitted this 30th day of May 2024.

CAPLAN AND EARNEST LLC

s/ Elliott V. Hood
M. Gwyneth Whalen
Elliott V. Hood
Anne L. Stuller
3107 Iris Avenue, #100
Boulder, CO 80302
Phone 303-443-8010
Fax 303- 440-3967
gwhalen@celaw.com
ehood@celaw.com
astuller@celaw.com

*Attorneys for Defendants*

7

## CERTIFICATE OF SERVICE

This is to certify that on May 30, 2024, a true and correct copy of the foregoing was filed with the US District Court of Colorado CM/ECF System which will notify the following:

Edward Milo Schwab, Esq.
Ascend Counsel, LLC
2401 S. Downing Street
Denver, CO 80210
milo@ascendcounsel.co

*Attorneys for Plaintiffs*

                                          *s/ Shellie Satterfield*
                                          Shellie Satterfield, Paralegal

4856-7677-3827, v. 1