**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-00078-CMA-SKC

S.T.C.

      Plaintiff,

v.

JEFFERSON COUNTY R1 SCHOOL DISTRICT, JEFF GOMEZ, and WILLIAM CARLIN.
      Defendants.

---

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS (ECF NO. 174)**

---

Plaintiff S.T.C, by their undersigned counsel, respectfully responds to Defendants' Motion for Sanctions as follows:

### I. DEFENDANTS HAVE FAILED TO SHOW ANY DISCOVERY VIOLATION RELATING TO THE DISCLOSURE OF ANNIE MAXWELL

Defendants' argument is that Ms. Maxwell "never responded or made herself available" is not the standard under Rule 26 nor Rule 37. No person has a duty to respond to a process server or a private investigator. And there is no rule nor case which supports the proposition that inability to conduct an interview or deposition

Under Fed. R. Civ. P. 26, a party is required to provide the telephone number, if known, for individuals that a party may use to support its claims. The Rule requires each party to make a good faith effort to obtain particularized address and telephone information for individuals

1

relevant to the litigation. *Fausto v. Credigy Servs. Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008). Here, Plaintiff provided the phone number for Annie Maxwell known to Plaintiff at the time of the disclosure. Plaintiff is unaware of any case requiring a party to continue to monitor the current accuracy of the contact information of disclosed witnesses. Plaintiff complied with both the Federal Rules of Civil Procedure as well as this Court's order in providing Ms. Maxwell's contact information. Moreover, Plaintiff has not engaged in any effort to deprive Defendants of the ability to conduct discovery. Instead, Plaintiff also learned during the summary judgment pleading phase that Ms. Maxwell had a new phone number - thus the need to contact this individual over the Facebook messenger application.

At the status conference on February 6, 2023, the Court ordered Plaintiff to supplement her disclosures with certain information by March 29, 2023 and granted Defendants the opportunity to conduct depositions of these former students. ECF No. 115. The Court did not hold that any person Defendants were unable to contact would be stricken. Indeed, Defendants can point to no case which supports the position that Rule 26 is violated if a party is unable to have a third party served for a deposition. However, that is the rule that Defendants seek to impose. Defendants wrote to Plaintiff for ten individuals who "Defendants … have been unable to contact or serve subpoenas on," Defendants would move to strike their testimony "if Plaintiff attempts to utilize" their testimony.

Plaintiff provided all information she had on Ms. Maxwell, consistent with Rule 26 which requires "if known, the address and telephone number." Plaintiff provided the best available information known to her at the time. *Exhibit 1*, ¶¶ 1-2. Undersigned counsel was also unable to communicate with Ms. Maxwell when he attempted to call her at the number disclosed

to Defendants. *Id* at ¶ 4. Undersigned counsel then reached out to Ms. Maxwell on Facebook and communicated through that messaging application. *Id* at ¶ 5. That Ms. Maxwell did not include Plaintiff's counsel among the people she provided her new contact information to is not surprising nor does it suggest bad faith on Plaintiff's part in any way. It certainly does not create a basis for finding that Ms. Maxwell's testimony should be stricken.

Contrary to Defendants' argument, Plaintiff <u>did</u> provide accurate contact information for Ms. Maxwell - not only "what she thought was accurate information." In their prior motion to strike, Defendants attempted to mislead the Court by stating that "Plaintiff never provided Ms. Maxwell's accurate contact information." ECF No. 154, p. 6. This was a false statement - yet Defendants never moved to amend their filing. Plaintiff disclosed Ms. Maxwell's phone number as "(720) 546-4538" on June 22, 2022 in her Third Supplemental Disclosures during discovery. ECF No. 155. This was Ms. Maxwell's phone number at that time. *Exhibit 1*. Moreover, undersigned counsel takes seriously Defendants' completely unfounded and unprofessional allegation that Plaintiff's omission was deliberate. This suggestion of unethical conduct by undersigned counsel, especially without any basis, is entirely inappropriate. Defendant baldly accused undersigned counsel of failing "to follow the discovery rules" without pointing to exactly what rule Plaintiff has failed to follow. Plaintiff has worked diligently to provide accurate information to Defendants - which Plaintiff did in regards to Ms. Maxwell - yet Defendants nonetheless sling accusations at undersigned counsel.

Because Plaintiff provided accurate contact information and information to the best of undersigned counsel's knowledge, there is no discovery violation. Not every potential witness is

3

successfully subpoenaed. That Defendants were unable to get Ms. Maxwell served provides no basis for this motion. Accordingly, this request should be denied.

## II. PLAINTIFF WILL ONLY REQUEST $1,700 IN PAST ECONOMIC DAMAGES

As Plaintiff stated in her conferral email regarding her computation of economic losses, Plaintiff does not anticipate requesting more than that $1,700 in economic losses related to her claims. That said, Plaintiff's conferral with Defendants regarding the computation of her damages only agreed to forego past medical damages.

Respectfully submitted this 20th day of June 2024.

/s/ Edward Milo Schwab
Edward Milo Schwab
Ascend Counsel, LLC
2401 S. Downing Street
Denver, CO 80210
(303) 888-4407
milo@ascendcounsel.co

s/ Thomas D. Neville
Thomas D. Neville, Esq.
KAMERMAN, UNCYK, SONIKER & KLEIN P.C.
1700 Broadway, 16th Floor New York, NY 10019
Phone: (212) 400-4930
Direct (646) 842-1943
tneville@kusklaw.com

ATTORNEYS FOR PLAINTIFF